**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

LESLEE NEGUS,

Plaintiff, 1:26-cv-1051 (ECC/CBF)

v.

MONTGOMERY COUNTY CPS/PINS,

Defendant.

---

Leslee Negus, *Pro se Plaintiff*
Stephen M. Groudine, Esq., *for Defendant*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

Pro se plaintiff Leslee Negus brings this action against Defendant Montgomery County CPS/PINS asserting claims related to interactions she and her family had with the Montgomery County Child Protective Services (CPS) and Persons in Need of Supervision (PINS) units regarding Plaintiff's daughter. *See generally* Dkt. No. 2 (complaint); Dkt. No. 1 (notice of removal from state court). Presently before the Court is Defendant's motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Dkt. No. 6. The motion is fully briefed. Dkt. Nos. 10, 12. For the following reasons, Defendant's motion to dismiss is granted.

## I. BACKGROUND[1]

Plaintiff alleges that CPS caseworker Ashley Antalek visited her residence on March 19, 2025. Dkt. No. 2 at 1. Ms. Antalek was "unable to articulate the basis for her visit" and "failed to

---

[1] These facts are drawn from the complaint. The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations, *see Lynch v. City of New York*, 952 F.3d 67, 74-75 (2d Cir. 2020), but does not accept as true any legal conclusions, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

follow required due process and investigative protocols." *Id.* Although Plaintiff attempted to "present relevant evidence," Ms. Antalek "refused to review or consider this information." *Id.* Plaintiff and her husband nonetheless "complied fully with all requests made by CPS." *Id.*

At some point, Plaintiff met with Jessica Farrell, who had been involved with Plaintiff's daughter's PINS case for approximately four years; Kendall Lee from PINS; and a third "assigned worker on [Plaintiff's] daughter's case." *Id.* "During these meetings, the PINS representatives dismissed [Plaintiff's] daughter's ongoing illegal and noncompliant behavior." *Id.* These representatives also falsely stated that they had "visited specific individuals" at the daughter's school. *Id.* at 2. Plaintiff's daughter was "discharged from the PINS program." *Id.*

CPS visited Plaintiff's residence again on May 6, 2025. *Id.* In mid-May, Plaintiff "received notice" of an "indicated" CPS finding, although the notice "did not specify the factual basis for the finding." *Id.* Plaintiff spoke with Natalie Johnson, who stated that the finding "was based on three alleged reasons, none of which w[as] accurate." *Id.* Records Plaintiff received in response to a Freedom of Information Law request "minimized or omitted [her] daughter's documented illegal behavior and continued disciplinary issues." *Id.* "Throughout the investigation, Ms. Antalek spoke minimally." *Id.* Plaintiff "repeatedly informed CPS and PINS personnel that [her] daughter's behavior was escalating and that she posed a risk to others in the household." *Id.*

On June 6, 2025, Plaintiff received notice that CPS "had filed an Article 10 petition, just days after [Plaintiff] filed formal complaints with the State against Ashley Antalek, Natalie Johnson, Jessica Farrell, and Kendall Lee for failure to file protocol." *Id.*[2] Montgomery County subsequently "withdrew the Article 10 petition." *Id.* Plaintiff's appeal of the "indicated" CPS

[2] This appears to be a reference to Article 10 of the New York Family Court Act, which governs child protective proceedings. *See* N.Y. Fam. Ct. Act §§ 1011-1085.

finding "remained pending with the Office of Children and Family Services ('OCFS') and was initially denied." *Id.*

On October 8, 2025, Plaintiff's daughter "physically assaulted" Plaintiff and her husband in the vicinity of Plaintiff's infant child. *Id.* Criminal charges were filed and orders of protection were obtained for Plaintiff, her husband, and their young child. *Id.* Law enforcement "made a mandated report to CPS, even though the Domestic Incident Report states 'no suspicion of child abuse.'" *Id.* at 3. "That CPS investigation was ultimately determined to be unfounded." *Id.* In November or December 2025, Ms. Johnson stated that she would "not be submitting evidence" at a scheduled OCFS fair hearing on the indicated CPS finding and the "case would be 'unfounded.'" *Id.*

Plaintiff alleges that she has "experienced persistent retaliation and adverse actions by CPS and PINS personnel" and been deprived of her "constitutional right to due process." *Id.* Plaintiff alleges that she has incurred legal fees, significant loss of income, and "emotional, financial, and reputational harm." *Id.*

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level[.]" *Id*. (quoting *Twombly*, 550 U.S. at 555). A court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). However, "the tenet that a

court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The complaint of a plaintiff proceeding *pro se* "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Id.*

## III. DISCUSSION

The complaint does not have separately enumerated causes of action. Read liberally, however, the complaint asserts a state-law claim for defamation and 42 U.S.C. § 1983 claims for First Amendment retaliation and violation of Plaintiff's Fourteenth Amendment due process rights. *See generally* Dkt. No. 2. Defendant moves to dismiss the complaint in its entirety. *See generally* Dkt. No. 6-3.

### A. Suability of Defendant

Defendant first argues that Plaintiff's complaint against it must be dismissed because Montgomery County CPS/PINS is a "non-suable entity." Dkt. No. 6-3 at 5. Plaintiff does not respond to this argument.

"Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." *Frazier v. Rogers*, No. 25-cv-1175 (AJB/DJS), 2026 WL 2620727, at *3 (N.D.N.Y. Sept. 4, 2026) (citation omitted); *see also Starke v. Fuentes*, No. 25-cv-3108, 2025 WL 2299258, at *5 (S.D.N.Y. Aug. 7, 2025) ("Unless otherwise authorized by a municipal charter, municipal agencies and departments are not suable entities; they do not have the capacity to be sued, as opposed to the

respective municipalities themselves."). Here, nothing in the Montgomery County Charter[3] suggests that the "Montgomery County CPS/PINS" is authorized to sue or be sued, and Defendant is therefore a non-suable entity. *See Rogers v. CPS*, No. 20-cv-75 (LEK/ATB), 2020 WL 2059824, at *3 (N.D.N.Y. Apr. 29, 2020) ("Plaintiff cannot sue CPS because it is an administrative arm of On[o]ndaga County.").

But where a plaintiff has "improperly named an agency or other administrative department of a municipality, courts may *sua sponte* substitute the municipality itself as the proper defendant." *Frazier*, 2026 WL 2620727, at *3 (citations omitted). Here, in deference to Plaintiff's *pro se* status, the Court will dismiss Plaintiff's claims against "Montgomery County CPS/PINS" and *sua sponte* substitute Montgomery County (the County), who is the real party in interest, as the proper named defendant in this action. *See id.*; *see also Rogers*, 2020 WL 2059824, at *3 (considering whether *pro se* plaintiff had stated constitutional claims against the county, as the real party in interest, rather than the non-suable defendant "CPS"); *Starke v. Fuentes*, 2025 WL 2299258, at *5 (construing allegations against a county sheriff's department, county jail, and county public defender as allegations the county); *D'Angelo v. Foertsch*, No. 25-cv-8600, 2025 WL 3034203, at *2 (S.D.N.Y. Oct. 30, 2025) (construing complaint as asserting claims against a county in light of the plaintiff's "*pro se* status and clear intention to assert claims against" the county, rather than the sheriff's office).

### B. Defamation

Defendant next argues that the complaint must be dismissed because Plaintiff failed to serve a timely notice of claim on the County or allege in the complaint that she had done so, as required by New York law. Dkt. No. 6-3 at 5-6 (citing N.Y. Gen. Mun. Law § 50-i and County

[3] https://www.montgomerycountyny.gov/documents/charter/CharterAsAmended2025.pdf.

Law § 52).[4] Defendant submits with its motion a notice of claim apparently served by Plaintiff on or about April 27, 2026 which references "[d]efamation" and the "failure to provide due process." Dkt. No. 6-2 at 1. Defendant contends that this notice of claim was filed "well beyond the 90-day statutory deadline." Dkt. No. 6-3 at 6. Plaintiff responds that she originally commenced a state-court action in December 2025 which was dismissed without prejudice, after which she "refile[d] the present action." Dkt. No. 10 at 3. Plaintiff therefore argues that "[a]lthough the current filing falls outside the technical ninety-day period, such delay was not attributable to" her lack of diligence or neglect. *Id.*

"[A]s a general rule, 'state notice-of-claim statutes apply to state-law claims' asserted as pendant claims in a federal action." *Singletary v. Allen*, 431 F. Supp. 3d 126, 129 (W.D.N.Y. 2019) (citation omitted). "Pursuant to New York General Municipal Law § 50-e, a plaintiff who asserts a state law tort claim against a municipal entity or its employees for acts that occurred within the scope of their employment must file a notice of claim within ninety days after the incident giving rise to the claim." *Id.* (citation omitted). "Notice of claim requirements are construed strictly by New York state courts. Failure to comply with these requirements ordinarily requires dismissal for failure to state a cause of action." *Id.* (quoting *Hardy v. N.Y.C. Health & Hosp. Corp.*, 164 F.3d 789, 793-94 (2d Cir. 1999)). To "survive a motion to dismiss, a plaintiff 'must plead that: (1) a notice of claim was served; (2) at least thirty days elapsed since the notice of claim was filed and before the complaint was filed; and (3) in that time, the defendant neglected or refused to adjust or satisfy the claim.'" *Id.* at 130 (quoting *Coggins v. Cnty. of Nassau*, 988 F. Supp. 2d 231, 251

---

[4] "Actions to recover for federal civil rights violations are not subject to the notice of claim requirements in General Municipal Law § 50-i." *Pflaum v. Town of Stuyvesant*, 937 F. Supp. 2d 289, 303 (N.D.N.Y. 2013) (citation omitted). Thus, Defendant's motion to dismiss for failure to timely serve a notice of claim is denied to the extent it seeks dismissal of Plaintiff's federal constitutional claims.

(E.D.N.Y. 2013)). "'The plaintiff bears the burden of demonstrating compliance with the notice of claim requirement.'" *Id.* (quoting *Chabot v. Cnty. of Rockland, N.Y.*, No. 18-cv-4109, 2019 WL 3338319, at *9 (S.D.N.Y. Jul. 25, 2019)).

Here, the only state-law tort claim reasonably raised by Plaintiff's complaint is one for defamation. Plaintiff's opposition appears to conflate the notice of claim with the filing of a complaint. Contrary to Plaintiff's suggestion, New York law requires that a notice of claim be served on the relevant municipality within ninety days of the incident giving rise to the claim; the filing of a lawsuit with respect to such claims, and the time limitations for doing so, are distinct requirements. It is unclear from the complaint and Plaintiff's submissions when the alleged defamatory statements were made and therefore whether Plaintiff's notice of claim was timely. Nevertheless, the complaint does not allege that Plaintiff served a notice of claim on the County, that at least thirty days elapsed before the complaint was filed, and that the County neglected or refused to satisfy the claim. Plaintiff's defamation claim is therefore subject to dismissal on this basis. *See Rodriguez v. Shattuck*, No. 24-cv-778 (BKS/PJE), 2025 WL 1066524, at *5 n.6 (N.D.N.Y. Feb. 6, 2025) ("A timely-filed notice of claim is a prerequisite to a tort action against a municipality. The complaint must contain allegations that the notice of claim was filed at least thirty days prior and payment has not been made to satisfy the claim.") (citation omitted), *appeal docketed*, No. 26-1424 (2d Cir. May 22, 2026).

Any defamation claim is also subject to dismissal because the complaint does not sufficiently identify the allegedly defamatory statements at issue or to whom those statements were made. To state a claim for defamation under New York law, a complaint must allege "(1) a false statement that is (2) published to a third party (3) without privilege or authorization, and that (4) causes harm, unless the statement is one of the types of publications actionable regardless of

harm." *Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017) (citation omitted). A defamation plaintiff must also allege that the "purportedly defamatory statement was 'of and concerning' him or her, *i.e.*, 'that the reading public acquainted with the parties and the subject' would recognize the plaintiff as a person to whom the statement refers." *Id.* (citation and brackets omitted). As Defendant points out, "New York law mandates that in actions for defamation, 'the particular words complained of shall be set forth in the complaint.'" *Wagner v. Copenhagen Centr. Sch. Dist.*, No. 25-cv-659 (BKS/TWD), 2026 WL 60750, at *11 (N.D.N.Y. Jan. 8, 2026) (citations omitted); *see* CPLR 3016(a). However, "unlike in state court, defamation claims brought in federal court are not subject to a heightened pleading standard." *Wagner*, 2026 WL 60750, at *11 (citation and brackets omitted). "Nevertheless, allegations of defamation pleaded in federal court must 'be specific enough to afford [the] defendant sufficient notice of the communications complained of to enable [it] to defend [it]self.'" *Id.* (citation omitted).

Here, Plaintiff alleges in the complaint: "Statements were made to third parties, including my daughter's father, questioning whether my daughter's conduct was genuine or whether I was 'the issue.'" Dkt. No. 2 at 3. This allegation is not specific enough to afford Defendant sufficient notice of the communications complained of, as the complaint does not identify who allegedly made these statements or when. Further, it is not clear that statements "questioning" whether Plaintiff was "the issue" are statements of fact which can be defamatory.

Accordingly, Defendant's motion to dismiss Plaintiff's defamation claim is granted.

**C. Municipal Liability**

Defendant moves to dismiss all claims brought pursuant to 42 U.S.C. § 1983 on the ground that the complaint fails to plead municipal liability. Dkt. No. 6-3 at 19-20. Specifically, Defendant argues that the complaint "does not allege that any policy or custom of Montgomery County CPS/PINS resulted in the purported violations" and that a "single incident" is insufficient to allege

municipal liability. *Id.* Although Plaintiff's opposition references *Monell v. Department of Social Services*, 436 U.S. 658 (1978), Plaintiff does not set forth any specific argument as to how the complaint adequately pleads a *Monell* claim. *See* Dkt. No. 10.

"To hold a [municipality] liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007), and citing *Monell*, 436 U.S. at 690-91). "To establish a municipal policy, practice, or custom, a plaintiff must provide evidence of (1) a formal policy endorsed by the municipality; (2) actions taken or decisions made by the municipality's policymakers, which caused the alleged civil rights violation; (3) a practice so widespread that it constitutes 'a custom or usage'; or (4) a failure by the municipality's policymakers to properly train or supervise their subordinates." *Beckwith v. City of Syracuse*, 642 F. Supp. 3d 283, 292-93 (N.D.N.Y. 2022) (citing *Green v. City of New York*, 465 F.3d 65, 80-82 (2d Cir. 2006)).

Here, even assuming the complaint plausibly alleged that a County official or employee deprived Plaintiff of a constitutional right, the complaint does not sufficiently allege the County's *Monell* liability by way of a formal policy, the actions or decisions of a policymaker, a widespread practice, or a failure to train or supervise. The complaint simply contains no facts suggesting the existence of a municipal policy or custom or that there was a causal connection between any such policy or custom and the alleged denial of Plaintiff's constitutional rights. *See Jeanty v. Sciortino*, 669 F. Supp. 3d 96, 112 (N.D.N.Y. 2023) (dismissing claims against the City of Utica where the plaintiff had not "alleged any facts suggesting that any alleged violation of his constitutional rights was the result of a municipal custom or policy").

Accordingly, Defendant's motion to dismiss Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 is granted.

**D. Leave to Amend**

Although Plaintiff has not requested leave to amend, ordinarily, a court "'should not dismiss' a pro se complaint 'without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Jeanty*, 669 F. Supp. 3d at 118 (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999)); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). The Court therefore grants Plaintiff leave to file an amended complaint within 30 days of this Order.

In any amended complaint, Plaintiff should expressly enumerate the claims she intends to assert. Plaintiff must clearly set forth the facts that give rise to these claims, including the date and place of the alleged acts and an explanation of how Defendant is liable for each wrongful act. Plaintiff should include all factual allegations in any amended complaint to ensure that the Court will consider them if Defendant moves to dismiss any amended complaint. Finally, any amended complaint will replace the existing complaint; it must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original[ ] and renders it of no legal effect.") (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)).

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Clerk is directed to **SUBSTITUTE** "Montgomery County" in place of "Montgomery County CPS/PINS" as a named Defendant and to terminate "Montgomery County CPS/PINS" as a named Defendant; and it is further

**ORDERED** that Defendant's motion to dismiss, Dkt. No. 6, is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint, Dkt. No. 2, is **DISMISSED without prejudice and with leave to amend**; and it is further

**ORDERED** that any amended complaint must be filed **within thirty (30) days** of the date of this Order. Any amended complaint must be a complete pleading which will replace the current complaint in total; and it is further

**ORDERED** that if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case without further order from the Court; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 23, 2026

Elizabeth C. Coombe
U.S. District Judge